PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALFREDO RAMOS, ) | |
| ) | CASE NO. 1:10-CV-1731 |
| Plaintiff, ) | |
| ) | JUDGE GAUGHAN |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, ) | BENITA Y. PEARSON |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |

This matter is before the Court on a Motion for remand by Defendant, Michael J. Astrue, the Commissioner of Social Security ("Defendant"). ECF No. 11. For the reasons detailed herein, the Court recommends remanding the matter pursuant to sentence six of Title 42 United States Code § 405(g).

## I. Background

On December 6, 2010, the Commissioner moved the Court to enter an order and judgment remanding this case for further proceedings, pursuant to the *fourth* sentence of 42 United States Code § 405(g). In that motion, the Commissioner acknowledged that Plaintiff Alfredo Ramos ("Ramos") was not afforded an opportunity to attend an administrative hearing to adjudicate his disability claims. Ramos was prevented from attending the hearing because the notices of the hearing were inadequate. The record reflects that Ramos, who was educated "in Spanish in Puerto Rico, can speak some English but cannot read [] or write in English." ECF

(1:10-CV-01731)

No. 11 at 1.  Yet, the notices provided to Ramos were in English.  Consequently, the Commissioner requests that the Court "enter an order and judgment reversing and remanding this case pursuant to the fourth sentence" of § 405(g), in order to provide Ramos an opportunity for a new hearing accompanied by adequate notice in Ramos' requisite language, Spanish.  ECF No. 11 at 1-2.

On December 12, 2010, Ramos responded to the Commissioner's motion for remand. ECF No. 12.  Although Ramos agreed with the Commissioner's assertion that a remand is proper given the circumstances of the case, Ramos contends that a "remand is properly issued under the *sixth* sentence of 42 United States Code § 405(g), not the *fourth*, because it is on motion of the Commissioner before answer."  ECF No. 12 (emphasis added).

The Court agrees with Ramos for the reasons discussed below.

## II.  Discussion

Section 405(g) allows an individual to obtain judicial review of any final decision of the Commissioner to which that individual was a party.  *See* 42 U.S.C. § 405(g).  Once judicial review is sought, however, the court may remand the case for further administrative action only in certain situations.  Specifically, sentence four of § 405(g) empowers the court to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  *Id.*  Sentence six of § 405(g) permits the district court to remand without making substantive ruling as to the correctness of the Commissioner's decision, but only where the Commissioner requests a remand before answering the complaint, or where additional material

2

(1:10-CV-01731)

evidence is required that was for good cause not presented before the agency. *Id.* Thus, section 405(g) authorizes two types of remand: (1) a sentence four remand–a *post-judgment* remand in conjunction with a decision, affirming, modifying, or reversing the decision of the Commission; (2) a sentence six remand–a *pre-judgment* remand not weighing in on the correctness of the administrative decision, *i.e.*, neither affirming, modifying or reversing the decision of the Commissioner. *Id.*; *see also Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174-175 (6th Cir. 1994) (distinguishing sentence four and sentence six remands).

Given the procedural history of the instant case, the Court finds that a sentence six remand is the appropriate remedy. As Ramos highlighted, in this instance, the Commissioner has moved the Court to remand prior to filing an answer. ECF No. 12. Accordingly, based upon an analysis of the plain language of sentence six § 405(g), there is no doubt that a sentence six remand is applicable to the case at hand.[1] *See* 42 U.S.C. § 405(g).

Additionally, the Court declines to recommend a remand under sentence four of § 405 (g), as the Commissioner requests, because a sentence four remand requires a substantive review of the Commissioner's decision. *Id.* In the absence of a transcript of the proceedings and a carefully developed record to facilitate a substantive review of the Commissioners' decision, the Court is ill-equipped to recommend a remand in conjunction with a judgment, as required under sentence four. *See Hanson v. Charter*, 895 F. Supp. 1279, 1283 (N.D. Iowa 1995) ("To remand

---

[1] Sentence six of 42 U.S.C.§ 405(g) provides, in relevant part that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g).

(1:10-CV-01731)

under sentence four, the district court must conduct a plenary review of the entire record and make a judgment . . . . Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42. U. S.C. § 405(g).").

### III. Conclusion

For the foregoing reasons, the Court recommends remanding the case pursuant to sentence six of Title 42 United States Code § 405(g).

December 17, 2010                          s/ *Benita Y. Pearson*
Date                                                United States Magistrate Judge